**UNITED STATES of America, Appellee**

**v.**

**Carlos DeJESUS–GAUL, Appellant.**

**No. 95–3045.**

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 15, 1995.

Decided Jan. 12, 1996.

Carmen D. Hernandez, Assistant Federal Public Defender, Washington, DC, argued the cause, for appellant. With her on the briefs was A.J. Kramer, Federal Public Defender.

Geoffrey Bestor, Assistant United States Attorney, Washington, DC, argued the cause, for appellee. With him on the brief were Eric H. Holder, Jr., United States Attorney, John R. Fisher and Thomas J. Tourish, Jr., Assistant United States Attorneys.

Before: SILBERMAN, SENTELLE, and RANDOLPH, Circuit Judges.

Opinion for the court filed by Circuit Judge RANDOLPH.

RANDOLPH, Circuit Judge:

With respect to certain statutory minimum sentences, 18 U.S.C. § 3553(f), and its guideline equivalent, U.S.S.G. § 5C1.2, provide that the sentencing court "shall" disregard the mandatory minimum and impose a sentence within the guideline range if the court makes five specified findings favorable to the defendant. The question is whether, in sentencing DeJesus–Gaul, the district judge properly refused to give him the potential benefit of this "safety valve."

DeJesus–Gaul and his co-defendant Ingrid Lopez pled guilty to one count of distributing 50 grams or more of cocaine base. The government agreed in writing to drop the other two counts in the indictment and four

state prosecutors (three in New York and one in Rhode Island) agreed not to prosecute DeJesus–Gaul on pending charges so long as he received "at least a mandatory minimum term of ten years."

The district judge sentenced Lopez first. Her conviction carried with it a statutory minimum sentence of 120 months' imprisonment, as did DeJesus–Gaul's. 21 U.S.C. § 841(a)(1) & (b)(1)(A)(iii). Lopez asked the district judge to invoke the "safety valve," as her presentence investigation report had recommended. She testified at the sentencing hearing that she was merely a go-between who controlled neither the means nor the proceeds of the drug conspiracy. Her role was limited to that of a translator, and she was at all times subject to DeJesus–Gaul's direction. According to her testimony and counsel's representations, it was DeJesus–Gaul who went to New York to acquire the drugs, cooked the powder cocaine into cocaine base, and took charge of the money. Finding that Lopez had satisfied the five criteria in U.S.S.G. § 5C1.2, the judge disregarded the mandatory minimum and sentenced her to 108 months' imprisonment, the bottom of the guideline range.

DeJesus–Gaul had been set for sentencing on the same day as Lopez, before the same judge. At DeJesus–Gaul's request, this was put off for several weeks. In the meantime, on March 31, 1995, counsel for DeJesus–Gaul filed a memorandum asking the judge to invoke the safety valve provision and to impose a sentence at the low end of the guideline range of 108–135 months, rather than the mandatory minimum of 120 months.

The government filed a memorandum on the same day opposing lenient treatment and urging the judge to view this defendant "with a harsher eye" than Lopez: DeJesus–Gaul "did not cooperate with authorities; he lied about his true identity in a[n] attempt to avoid his multiple pending cases in several jurisdictions"; the district judge had already credited Lopez's testimony that DeJesus–Gaul controlled the drug conspiracy, received the proceeds, and engaged in major narcotic transactions in New York.

The government's representations related to subsections (4) and (5) of the safety valve provisions in U.S.S.G. § 5C1.2, and the corresponding statute (18 U.S.C. § 3553(f)(4) & (5)). These subsections state that in order to disregard the statutory minimum sentence the court must find that:

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

The sentencing hearing took place on April 6, 1995. Defense counsel continued to maintain that DeJesus–Gaul qualified for the safety valve, asserting at one point that her client had fully disclosed all information in his possession. When the district judge asked the Assistant United States Attorney whether DeJesus–Gaul had satisfied subsection (5), the prosecutor—who had not signed the plea agreement or handled the guilty plea proceeding or filed the sentencing memorandum—told the judge "I don't know." After a further exchange with defense counsel, the judge sentenced the defendant to "the minimum term under the guideline range of 120 months."

Defense counsel's argument here is that, given the "shall" in U.S.S.G. § 5C1.2 (and the statute), the district judge was required to disregard the mandatory minimum. This of course assumes—correctly, we believe—that the judge did not choose the 120 month sentence on some other basis. In other words, the judge determined that the permissible sentence was between 120 and 135 months rather than 108 to 135 months, which would have been DeJesus–Gaul's guideline

range without the mandatory minimum. That the judge so concluded is apparent because he said the 120 month sentence was the "minimum term." It is apparent as well because otherwise DeJesus–Gaul's guideline range of 108 to 135 months would have exceeded 24 months, and thus would have required the judge to "state in open court the reasons" for imposing "the particular sentence." 18 U.S.C. § 3553(c)(1). Yet the only reason the judge gave for choosing 120 months was that this represented the "minimum term under the guideline range."

Whether the judge erred in not invoking the safety valve is another matter. We place no great importance on the prosecutor's statement that he did not know if DeJesus–Gaul had "truthfully provided to the Government all information and evidence" concerning his offenses. U.S.S.G. § 5C1.2(5); 18 U.S.C. § 3553(f)(5). The context shows that rather than a concession on behalf of the United States, the remark was merely an admission of personal ignorance. Six days before the hearing the government, in its sentencing memorandum, expressed in the strongest possible terms that this defendant had been neither truthful nor cooperative. There is no indication that DeJesus–Gaul began traveling the road to Damascus thereafter. To be sure, at one point during the hearing defense counsel said that her client had "finally come forward with his true identity" and had "given every bit of information that he has concerning this incident." But this last assertion contradicted what she had already told the court. Stating merely that Lopez's testimony about DeJesus–Gaul was not "accurate," defense counsel said her client would provide no details. DeJesus–Gaul did not want to "impu[gn] Ms. Lopez in any way"; "she is his fiance"; he "loves her"; he "does not wish to in any way undercut her." In other words, DeJesus–Gaul decided to withhold information about the offense. Lopez had not been so reticent during her sentencing hearing. And when DeJesus–Gaul had his turn, he neither refuted her testimony nor offered any alternative explanation of who bought the drugs, who cooked the powder cocaine into cocaine base, or who controlled the proceeds. Whether this deprived him of a favorable finding under sub-

section (4) or (5) of U.S.S.G. § 5C1.2, or both, is of no particular moment. The district judge stressed subsection (5). Given the deference due a district court's factfinding in sentencing, *United States v. Broumas,* 69 F.3d 1178, 1180–81 (D.C.Cir.1995); *United States v. Kim,* 23 F.3d 513, 517 (D.C.Cir. 1994), we conclude that the record adequately supported the judge's decision that DeJesus–Gaul did not qualify for sentencing in disregard of the statutory minimum.

*Affirmed.*