**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Shakiru ADU, a/k/a Alhaji Shakiru,
Defendant–Appellant.**

No. 95–1488.

United States Court of Appeals,
Sixth Circuit.

Argued March 18, 1996.

Decided April 15, 1996.

David Debold (argued and briefed), J. Michael Buckley, Office of the U.S. Attorney, Detroit, MI, for Plaintiff-Appellee.

Shakiru Adu, Milan, MI, pro se, Paul D. Muller (argued and briefed), Farmington, MI, for Defendant-Appellant.

Before: LIVELY, MARTIN, and MOORE, Circuit Judges.

LIVELY, Circuit Judge.

Early in this decade, Congress became concerned that the inflexibility of statutory mandatory minimum sentences was resulting in unjust punishments in some cases. Congress was particularly concerned with the inability of federal trial courts to consider mitigating factors to impose proportionally lower sentences on the least culpable participants in multi-defendant drug trafficking cases. See H.R.Rep. No. 103–460, 103d Cong., 2d Sess., reprinted in 1994 WL 107571 (Leg.Hist.), at 4–5 (1994). After studying the matter, Congress included a "safety valve" provision in the Violent Crime Control and Law Enforcement Act of 1994, Pub.L. 103–322, § 80001. Section 80001 added subsection (f), titled "Limitation on Applicability of Statutory Minimum in Certain Cases" to 18 U.S.C. § 3553, the statute dealing with imposition of sentences in criminal cases.

To be eligible for a safety valve reduction below an otherwise applicable mandatory minimum sentence, a defendant must satisfy five criteria listed in § 3553(f). The five criteria were copied verbatim in the United States Sentencing Guidelines (U.S.S.G.), and appear as U.S.S.G. § 5C1.2. This appeal raises the single issue of whether the district court erred in denying the request of the defendant, Shakiru Adu, to be sentenced below the mandatory minimum applicable to the offense to which he pled guilty. He based his request on the ground that he satisfied all five criteria listed in § 3553(f) and § 5C1.2.

For the reasons that follow, we affirm the sentence imposed and the judgment of the district court denying a reduction of sentence below the mandatory minimum.

## I.

The defendant pled guilty to conspiring to knowingly import heroin into the United States from abroad in violation of 21 U.S.C. §§ 952, 960, and 963 (1988). As part of the plea agreement the government dismissed a second charge against the defendant of conspiracy with intent to distribute heroin. The sentencing guidelines prescribed a sentencing range of 97 to 121 months for the offense to which the defendant pled guilty. However, because of the amount of heroin involved, one kilogram or more, a mandatory minimum sentence of 10 years applied. 21 U.S.C. § 960(b)(1)(A) (1988). The plea agreement provided that the defendant's sentence would not exceed 120 months.

At the hearing on his guilty plea, the defendant admitted conspiring with several other persons to import multiple grams of heroin illegally into the United States from Thailand. The presentence investigation report prepared by a probation officer held the defendant accountable for between one and three kilograms of heroin. The defendant did not contest this assessment. The presentence report found that the defendant qualified for a two-level reduction from the base offense level provided by the guidelines for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) "because he admitted his involvement in the instant offense, and provided a factual basis to the Court of his participation at the time of his guilty plea." The report stated, however, that the defendant did not qualify for an additional one-level reduction under U.S.S.G. § 3E1.1(b) because "he did not provide the government with a timely notification of his involvement in the offense." The report also stated that "[t]he defendant may meet the provisions of § 5C1.2," and noted that if the court determined he satisfied those provisions, it could impose sentence in accordance with the guidelines range of 97 to 121 months without regard to the mandatory minimum.

## II.

### A.

Prior to sentencing, the defendant filed a written motion for a reduced sentence under 18 U.S.C. § 3553(f), which provides:

(f) LIMITATION ON APPLICABILITY OF STATUTORY MINIMUMS IN CERTAIN CASES.—Notwithstanding any other provision of law, in the case of an offense under section 401, 404, or 406 of the Controlled Substances Act (21 U.S.C. 841, 844, 846) or section 1010 or 1013 of the Controlled Substances Import and Export Act (21 U.S.C. 961, 963), the court shall impose a sentence

pursuant to guidelines promulgated by the United States Sentencing Commission under section 994 of title 28 without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that—

(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

As stated previously, U.S.S.G. § 5C1.2 tracks 18 U.S.C. § 3553(f) and contains a verbatim duplication of the five criteria.

In support of his motion for a safety valve reduction, the defendant relied on the content of the presentence investigation report and an undated handwritten letter he had written to a probation officer. In the letter, Adu blamed his illegal activities on a drug and alcohol problem.

## B.

At the sentencing hearing the government did not dispute that the defendant satisfied criteria 1, 2 and 3 of § 3553(f), but argued that Adu did not qualify for a reduction because he did not satisfy criteria 4 and 5. The government counsel stated that the defendant had not been completely forthright and had attempted to minimize his own involvement in the conspiracy. Recognizing that it had not insisted at the hearing on the guilty plea that the defendant was an organizer or manager of the conspiracy, and had not objected to the presentence report on that ground, the · government eventually dropped its argument that the defendant did not qualify under the fourth criterion. It continued to contend, however, that the defendant was not eligible for safety valve treatment because he had not truthfully provided all information and evidence as required by the fifth criterion.

After hearing counsels' arguments and permitting the defendant to speak, the district court denied the motion, stating that he could see no reason in the probation department report or anything he had heard in the case that would warrant application of the safety valve provision. The court concluded by stating: "In addition the prosecution has indicated opposition to it and I think it is very significant." The court then imposed the mandatory minimum sentence of 120 months' imprisonment, to be followed by five years of supervised release.

## III.

### A.

On appeal, the defendant relies on the statement in the presentence report that he "may meet the provisions of § 5C1.2," and the recommendation that he be given a two-level reduction in the base offense level for acceptance of responsibility. He points out that the government did not object to either of these statements, and contends it should not have been permitted to argue at sentencing that the defendant had not been completely forthright. Instead of permitting the government to make this unsupported statement, he argues, the district court should have required the government to prove that the defendant failed to satisfy the requirements of the fifth criterion.

In addition, the defendant contends that the district court was confused, believing that Adu sought a downward departure pursuant to U.S.S.G. § 5K1.1 rather than a limitation on application of a mandatory minimum sentence under § 5C1.2. Finally, the defendant maintains that the district court's statement of reasons for denying his motion was inadequate and argues that the court should have made more detailed findings on the disputed issue.

■ In a pro se brief Adu raises for the first time on appeal an ineffective assistance of counsel claim; however, he admits that appointed counsel's brief is persuasive and that the cited case law is compelling. His claim hinges on counsel's failure to advance an argument based on the alleged failure to submit the criminal indictment to the grand jury and the failure to have the indictment signed by the proper authority. He is simply wrong. The criminal indictment was submitted to the grand jury, and it was signed by an Assistant United States Attorney. Adu correctly states that an indictment "shall be signed by the attorney for the government"; however, "attorney for the government" is defined in a manner that includes "an authorized assistant of a United States Attorney." Fed.R.Crim.Pro. 7(c)(1) & 54(c). Even if the signature was defective, any violation of the signature requirement is a non-jurisdictional defect; therefore, Adu's guilty plea precludes him from raising it on appeal. *United States v. Easton,* 937 F.2d 160, 161–62 (5th Cir. 1991), *cert. denied,* 502 U.S. 1045, 112 S.Ct. 906, 116 L.Ed.2d 807 (1992); *United States v. Pickett,* 941 F.2d 411, 416–17 (6th Cir.1991).

### B.

The government responds that, as one seeking a sentence reduction, the defendant had the burden of proving that he satisfied all five of the criteria in § 3553(f) and § 5C1.2. The government's contention that the defendant had attempted to minimize the degree of his participation in the conspiracy and had not been completely forthcoming was, according to the government, consistent with the description of the defendant's illegal acts as contained in the presentence report.

The recognition in the presentence report that the defendant "may" be eligible for a safety valve reduction below the mandatory minimum merely presented the question to the district court; it made no recommendation. Further, the government argues, the fact that the report recommended only a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 indicates that the defendant's cooperation with the government was not complete. If it had been complete, according to the government, the report could have recommended a three-level reduction under § 3E1.1. In addition, the government points out that § 5C1.2 requires a higher degree of disclosure than does § 3E1.1.

Finally, while conceding that the district court's comments at the beginning of the sentencing hearing indicated possible confusion as to what kind of reduction the defendant was seeking, the government argues that at the time he made his ruling the district judge clearly recognized that the defendant was asking for a safety valve reduction under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2.

### IV.

■ At the outset of our discussion, we reject the defendant's argument that the government had the burden of proving that Adu did not satisfy the requirements of the statute and guideline. The case relied upon by the defendant, *United States v. McMeen,* 49 F.3d 225 (6th Cir.1995), was one in which the government sought *to increase* a sentence under one of the enhancement provisions of the guidelines, not one in which a defendant sought a decrease. This court refused to accept this argument in *United States v. Rodriguez,* 896 F.2d 1031, 1033 (6th Cir. 1990), where the court "expressly reject[ed]" a contention that the government has the burden of proof on factual issues that could cause *a decrease* in a potential sentence. When seeking a downward adjustment of a sentence otherwise required by the guidelines, a defendant has the burden of proving by a preponderance of the evidence his or her entitlement to a reduction. Thus, the party seeking a departure, either upward or

downward from a presumptive guidelines sentence has the burden of proving entitlement to the departure. *Id.* at 1032; *United States v. Silverman,* 889 F.2d 1531, 1535 (6th Cir.1989).

■ We review a district court's interpretation of a statute or guideline provision under a de novo standard, *United States v. Acosta–Olivas,* 71 F.3d 375, 377–78 (10th Cir. 1995), and a court's factual determination of whether a statute or guideline applies in a particular case under a clearly erroneous standard. *United States v. Carroll,* 893 F.2d 1502, 1511 (6th Cir.1990). This appeal does not concern statutory interpretation and we agree with those courts that have held a trial court's refusal to apply U.S.S.G. § 5C1.2 to be a factual finding subject to review for clear error. See *United States v. Edwards,* 65 F.3d 430, 433 (5th Cir.1995); *United States v. Rodriguez,* 69 F.3d 136, 144 (7th Cir.1995). As Judge Ripple wrote for the *Rodriguez* court, this determination "is a fact-specific one and will often depend on credibility determinations that cannot be replicated with the same accuracy on appeal." *Id.*

## V.

The defendant, in his written request for relief from the mandatory minimum sentence, relied only on the presentence investigation report and his one-page handwritten note to a probation officer. At the sentencing hearing, defense counsel referred to previously identified statements in the presentence report and the defendant again referred to his drug and alcohol problems. The only additional reason for a non-mandatory minimum sentence given by the defendant or his attorney was the defendant's statement to the court that "he gives them everything they want."

## A.

■ The defendant did not carry his burden of proving that he was eligible for sentencing below the prescribed mandatory minimum. The requirement of U.S.S.G. § 5C1.2 that a defendant provide the government "all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan" is greater than the requirement for an acceptance of responsibility reduction under U.S.S.G. § 3E1.1. Application Note 1 to § 3E1.1 states that a defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a two-level reduction. To qualify under § 5C1.2, however, a defendant must truthfully provide all information he has concerning the offense of conviction *and all relevant* conduct. *United States v. Long,* 77 F.3d, 1060 (8th Cir.1996); Application Note 3 to § 5C1.2. Thus, the fact that the defendant qualified for a two-level acceptance of responsibility reduction under § 3E1.1 does not establish eligibility for a safety valve reduction under § 5C1.2. *United States v. Arrington,* 73 F.3d 144, 149 (7th Cir.1996).

■ The defendant's statement that he gave the government "all they asked," if true, does not satisfy his burden of proof under § 3553(f)(5) and § 5C1.2(5). These provisions clearly require an affirmative act by the defendant truthfully disclosing all the information he possesses that concerns his offense or related offenses. See *United States v. Wrenn,* 66 F.3d 1, 3 (1st Cir.1995) (information obtained from recordings of defendant's conversations with an undercover agent not "provided" by defendant within the meaning of § 5C1.2(5)); *United States v. Ivester,* 75 F.3d 182, 185 (4th Cir.1996) (defendants must act affirmatively "to ensure that the Government is truthfully provided with all information and evidence the defendants have concerning the relevant crimes").

■ The finding that the defendant was not entitled to benefit from the safety valve provision is not clearly erroneous. Neither the presentence investigation report nor Adu's statements concerning drug and alcohol problems, which merely repeated what he had written to the probation officer, established the defendant's entitlement to a sentence without regard to the applicable mandatory minimum. The government challenged the defendant's claim, and the presentence report itself indicates that Adu did

not even provide the government with a completely forthright account of his own involvement, much less complete information concerning other offenses that were "part of the same course of conduct or of a common scheme or plan." Where the government challenges a defendant's claim of complete and timely disclosure and the defendant does not produce evidence that demonstrates such disclosure, a district court's denial of a motion under § 3553(f) and § 5C1.2(5) is not clearly erroneous. See *United States v. De-Jesus-Gaul*, 73 F.3d 395, 397 (D.C.Cir.1996).

### B.

▮▮▮▮ There is an indication in the record that the district judge may have misconstrued the defendant's motion at the beginning of the sentencing hearing. Nevertheless, it is clear that by the end of the hearing when the judge denied the motion, he understood it was a motion for relief from a mandatory minimum sentence pursuant to § 3553(f) and § 5C1.2. In his oral ruling at the conclusion of that hearing the judge made a finding that nothing "in the probation report or anything I have heard in this case" supplied a reason for application of the statute or guideline relied upon by the defendant. We find the district judge's reference to the government's having opposed a safety valve reduction nothing more than a further statement of the parties' positions. The court did not find the government's opposition dispositive. The statement followed the court's unequivocal finding that nothing in the presentence report or in the defendant's presentation demonstrated that Adu was entitled to the reduction he sought.

### C.

▮▮▮▮ Finally, the defendant argues that the district court's findings in the present case were inadequate. We disagree. The defendant referred to just two bases for his claim of eligibility—the presentence report and his handwritten, undated letter. The district court stated that it found no reason to grant relief from the ten-year mandatory minimum in either the presentence report or what had transpired in the hearings. That

was sufficient response, since neither the statements in the presentence report that were pinpointed in the motion nor the claim of impairment from alcohol and drug use satisfied the requirements of § 3553(f) and § 5C1.2.

▮▮▮▮ In cases where a defendant produces specific evidence rather than more general statements as the basis for a claim of eligibility for safety valve treatment, the district court should make specific findings by reference to the criteria of the statute and guideline. Specific findings are required with respect to disputed claims under any of the criteria. In this case the defendant, in his written motion, claimed that he satisfied all five criteria. By the end of the sentencing hearing, however, it was clear that the government was contesting the claim only under the fifth criterion. Under such circumstances, the district court needs only to give reasons for its denial with respect to the contested elements of the statute and guideline.

### CONCLUSION

In dealing with claims for relief from mandatory minimum sentences, the courts must always be aware of the purpose of Congress in creating the safety valve. "Specifically, the Act permit [sic] a narrow class of defendants, those who are *the least culpable participants* in such [drug trafficking] offenses, to receive strictly regulated reductions in prison sentences for mitigating factors currently recognized under federal sentencing guidelines." H.R.Rep. No. 103–460, 103d Cong., 2d Sess., reprinted in 1994 WL 107571 (Leg.Hist.), at 4 (1994) (emphasis added).

Both the sworn affidavit for the criminal complaint that instituted this action and the narrative portion of the presentence investigation report picture Adu as a very active, major participant in the drug conspiracy charged in the indictment to which he pled guilty. He could not qualify as one of "the least culpable participants" in the conspiracy.

The judgment of the district court is **AFFIRMED.**