PUBLISH

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---------------------------------------------

No. 97-5155

---------------------------------------------

D. C. Docket No. 97-25-CR-JAL

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
05/24/99
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GIOVANI YATE,

Defendant-Appellant.

-----------------------------------------------------------------

Appeal from the United States District Court
for the Southern District of Florida

-----------------------------------------------------------------

**(May 24, 1999)**

Before EDMONDSON and MARCUS, Circuit Judges, and ALARCON*, Senior Circuit Judge.

_____

\* Honorable Arthur L. Alarcon, Senior U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

PER CURIAM:

Defendant Giovani Yate appeals his 120-month sentence for conspiracy to import cocaine in violation of 21 U.S.C. § 963.

This case presents the issue of whether a sentencing court's finding that a defendant has truthfully admitted the conduct comprising the offense of conviction for purposes of an acceptance-of-responsibility reduction under U.S.S.G. § 3E1.1, is incompatible with a finding that the defendant has failed to satisfy the requirement of U.S.S.G. § 5C1.2(5) that the defendant truthfully disclose to the government all information and evidence that he has about the offense and all relevant conduct.

A sentencing court's conclusion that a defendant accepted responsibility under section 3E1.1 does not preclude a finding that the defendant has failed to meet the affirmative-disclosure requirement of section 5C1.2(5):[1] briefly stated, section 5C1.2(5) is a "tell-<u>all</u>" provision, demanding a different kind of disclosure than section 3E1.1 demands.[2] <u>See</u> <u>United States v. Sabir</u>, 117 F.3d 750, 752 (3d

---

[1]We do not decide whether a defendant who has satisfied the requirement of section 5C1.2(5) is entitled to a reduction for acceptance of responsibility:  That issue is not before us.

[2]Section 5C1.2(5) requires the defendant to "truthfully provide[] to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan[.]"  In contrast, for an acceptance-of-responsibility reduction, "a defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction . . . .  A defendant may remain silent in

2

Cir. 1997) ("[T]he acceptance of responsibility provisions in the guidelines plainly do not subsume all of a defendant's responsibilities under the safety valve provisions."); United States v. Arrington, 73 F.3d 144, 149 (7th Cir. 1996) ("[T]he admission of responsibility necessary to obtain a reduction under § 3E1.1(a) is not necessarily sufficient to satisfy [§ 5C1.2(5)]."); United States v. Adu, 82 F.3d 119, 124 (6th Cir. 1996) ("[T]he fact that the defendant qualified for a two-level acceptance of responsibility reduction under § 3E1.1(a) does not establish eligibility for a safety valve reduction under § 5C1.2."). We therefore AFFIRM Yate's sentence.[3]

AFFIRMED.

---

respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain [the reduction,]" as long as the defendant does not falsely deny relevant conduct. U.S.S.G. § 3E1.1, comment. (n.1(a)).

[3]Yate's other arguments -- about the factual sufficiency of his disclosure, a mitigating-role reduction, and a downward departure -- lack merit and do not warrant discussion.