**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Arlene MONEY, Defendant–Appellant.**

**No. 00–5504.**

United States Court of Appeals, Sixth Circuit.

June 15, 2001.

Before BOGGS and SUHRHEINRICH, Circuit Judges; CLELAND, District Judge.*

Arlene Money appeals her judgment of conviction and sentence. The parties have expressly waived oral argument pursuant to Rule 34(j)(3), Rules of the Sixth Circuit,

---

* The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

and we agree that oral argument is not necessary. Fed. R.App. P. 34(a).

Money pleaded guilty to one count of conspiracy to distribute cocaine hydrochloride, a violation of 21 U.S.C. § 846. The district court sentenced her to 120 months of imprisonment to be followed by five years of supervised release.

In her timely appeal, Money argues that the sentencing judge erred by refusing to sentence her below the statutory-minimum sentence pursuant to the safety-valve provision of the Sentencing Guidelines, USSG § 5C1.2.

The district court did not clearly err in refusing to sentence Money under § 5C1.2. A defendant has the burden of proving safety-valve eligibility by a preponderance of the evidence. *United States v. Adu*, 82 F.3d 119, 123–24 (6th Cir.1996). The "truthful information" criterion, 18 U.S.C. § 3553(f)(5) and § 5C1.2(5), requires "an affirmative act by the defendant truthfully disclosing all the information [s]he possesses that concerns h[er] offense or related offenses." *Adu*, 82 F.3d at 124. A district court's determination as to whether a defendant has truthfully provided all information is subject to review only for clear error. *Id.*

The court did not commit clear error. At sentencing, Money delivered inconsistent testimony regarding the depth of her involvement with a conspiracy that purchased cocaine in Florida and returned to sell it in Crossville, Tennessee. Two agents for the Tennessee Bureau of Investigation delivered testimony that illuminated these inconsistencies, and the district court found that the testimony of the agents was more credible than Money's. A district court's findings of fact and determinations of witness credibility at sentencing are reviewed for clear error. 18 U.S.C. § 3742(e). "A finding is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Russell*, 156 F.3d 687, 690 (6th Cir.1998) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 365, 68 S.Ct. 525, 92 L.Ed. 746 (1948)). A review of the evidence reveals that the sentencing court did not clearly err in its credibility determination.

Accordingly, we affirm the district court's judgment.