UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

EDDIE THOMAS JACKSON,
        *Defendant-Appellant.*

No. 01-4884

Appeal from the United States District Court
for the District of South Carolina, at Florence.
C. Weston Houck, District Judge.
(CR-00-607)

Submitted: September 27, 2002

Decided: October 24, 2002

Before NIEMEYER, LUTTIG, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Eddie Thomas Jackson, Appellant Pro Se. Scott Newton Schools, United States Attorney, Alfred William Walker Bethea, Assistant United States Attorney, Florence, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Eddie Thomas Jackson pled guilty pursuant to a plea agreement to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(3) (2000). Because he had three prior felony convictions for violent offenses or drug charges, he was sentenced to the statutory minimum sentence of fifteen years' imprisonment. On appeal, Jackson claims: (1) his guilty plea was not knowing and voluntary; (2) the search warrant was invalid and seized evidence should have been suppressed; (3) the indictment was defective; (4) the factual basis for the guilty plea was insufficient; (5) his prior conviction for escape was not a proper prior predicate offense of a crime of violence; (6) he had no predicate offenses because his civil rights were restored; (7) the district court abused its discretion by not disposing of several pro se motions; and (8) counsel was ineffective for failing to investigate the charges and move to suppress evidence. We affirm the conviction and sentence.

Our review of the Rule 11 proceeding reveals that Jackson's guilty plea was knowing and voluntary. A knowing and voluntary guilty plea constitutes an admission of the material elements of the crime, *see McCarthy v. United States*, 394 U.S. 459, 466 (1969), and waives non-jurisdictional errors, including claims of unlawful search and seizure based on the Fourth Amendment and challenges to defects in the indictment. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Adu*, 82 F.3d 119, 123 (6th Cir. 1996); *United States v. Hobby*, 702 F.2d 466, 470-71 (4th Cir. 1983) (failure of grand jury foreman to carry out ministerial duties does not invalidate indictment). Furthermore, Jackson's guilty plea waives his right to contest the factual merits of the charge. *United States v. Willis*, 992 F.2d 489, 490-91 (4th Cir. 1993).

Jackson's conviction for escape was properly used as a prior felony conviction of a crime of violence. *United States v. Hairston*, 71 F.3d 115, 118 (4th Cir. 1995). There is no error, much less plain error, in the district court's decision to consider all three prior South Carolina felony convictions as proper predicate offenses for the purpose of

enhancing Jackson's sentence. We find no error in the district court's failure to explicitly rule on Jackson's meritless pro se motions.

Finally, because the record does not conclusively establish Jackson's counsel was ineffective, this claim is not cognizable on direct appeal, and must be raised under 28 U.S.C. § 2255 (2000). *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999).

We affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*