**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Roberto VEGA, Defendant–Appellant.**

**No. 02–5412.**

United States Court of Appeals,
Sixth Circuit.

May 27, 2003.

Before KENNEDY, SILER, and GILMAN, Circuit Judges.

### ORDER

Roberto Vega pleaded guilty to possessing methamphetamine for intended distribution, a violation of 21 U.S.C. §§ 841(a)(1). On March 8, 2002, he was sentenced to 120 months of imprisonment and five years of supervised release. Vega's appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Vega's attorney has filed a motion to withdraw with a brief indicating that there are no colorable issues to appeal. *See Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Vega did not file a timely response to counsel's motion, and an independent review of the record reveals no issue that would support a viable direct appeal. *See id.*

■ The rearraignment transcript indicates that Vega was represented by counsel and provided with an interpreter. The district court determined that he was competent, and it established that he understood his rights, the nature of the charge, and the consequences of his plea. Vega indicated that the decision to plead guilty was voluntary, and he acknowledged a sufficient factual basis for his plea. Under these circumstances, we conclude that Vega's guilty plea was valid.

■ The sentencing judge ruled favorably on Vega's objections to certain offense level enhancements in the presentence report, which resulted in a sentencing range of only 108 to 135 months. Counsel now suggests that Vega may wish to argue that the district court should have granted his motion for a downward departure from that range, as he was extremely remorseful and subjected to cultural pressures as a Mexican immigrant. However, the record clearly indicates that the sentencing judge was aware of his discretion to depart downward in appropriate cases. Thus, the court's informed decision not to exercise that discretion in Vega's case is simply not reviewable on appeal. *See United States v. Henderson*, 209 F.3d 614, 618 (6th Cir. 2000).

■ Counsel also notes that Vega could have been sentenced below the statutory minimum, if he had met all of the criteria that are listed in 18 U.S.C. § 3553(f). We review this claim for plain error because it was not raised it in the district court. *See United States v. Barajas–Nunez*, 91 F.3d 826, 830 (6th Cir.1996). Vega had the burden of proving that he satisfied all of the requirements of § 3553(f). *See United States v. Adu*, 82 F.3d 119, 123–24 (6th Cir.1996). It appears that he may have met some of these requirements, but there is no clear indication that he satisfied § 3553(f)(5), which requires "an affirmative act by the defendant truthfully disclosing all the information he possesses that concerns his offense or related offenses." *Id.* at 124. Thus, the district court did not commit plain error by failing to impose a

sentence below the statutory minimum. *See United States v. Maduka*, 104 F.3d 891, 894–95 (6th Cir.1997); *Adu*, 82 F.3d at 124–25.

No other potential error is apparent from the present record. There were no unresolved objections to the presentence report, and the information in that report would have supported a higher sentencing range than the court ultimately applied. Vega's sentence fell squarely within the recalculated range, and it was the minimum sentence that was required by 21 U.S.C. § 841(b)(1)(A). Thus, we conclude that any direct challenge to his sentence would be unavailing.

Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.