NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0730n.06

No. 09-6450

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Oct 26, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| v. | ) | WESTERN DISTRICT OF |
| | ) | TENNESSEE |
| Mario Scruggs, | ) | |
| | ) | |
| Defendant-Appellant. | ) | O P I N I O N |

BEFORE:     BOGGS and McKEAGUE, Circuit Judges; and GOLDSMITH,* District Judge.

   **McKEAGUE, Circuit Judge.**  Defendant Mario Scruggs appeals his sentence, disputing an

enhancement for possession of a firearm and denial of the statutory safety valve.  Because Defendant

has not met all safety-valve criteria and any error in the sentencing enhancement is harmless, we

**AFFIRM** the district court's sentence.

## I. Background

   Scruggs pleaded guilty to one count of conspiracy to possess with intent to distribute at least

500 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1).  This offense carries with it

a 120-month statutory minimum sentence.  21 U.S.C. § 846.  At the sentencing hearing, the district

court applied a two-level enhancement for possession of a firearm during the offense, under §

_____

   *Hon. Mark A. Goldsmith, United States District Judge for the Eastern District of Michigan,
sitting by designation.

2D1.1(b)(1) of the Sentencing Guidelines, finding that Scruggs both constructively possessed a weapon during the offense and that it was reasonably foreseeable to Scruggs that his coconspirator would possess a weapon. The district court also found Scruggs to be ineligible for the safety valve under § 5C1.2, which provision allows the district court to sentence below a statutory minimum if five criteria are met. With the firearm enhancement, a reduction for acceptance of responsibility under § 3E1.1, and a criminal history category of I, the advisory Guidelines range fell between 108-135 months. Pursuant to the statutory minimum, the Guidelines range was 120-135 months. The district court sentenced Scruggs to 120 months. On appeal, Scruggs contests the finding of firearm possession and denial of the safety valve.

## II. Analysis

### A.  Standard of Review

The district court's factual determination of whether a statute or sentencing guideline applies in a particular case is reviewed for clear error. *United States v. O'Dell*, 247 F.3d 655, 674 (6th Cir. 2001). A defendant seeking a downward departure from an otherwise applicable sentence bears the burden of proving he is entitled to the reduction by a preponderance of the evidence. *United States v. Adu*, 82 F.3d 119, 123-24 (6th Cir. 1996).

### B.  Application of the Safety Valve

Section 5C1.2(a) of the Sentencing Guidelines, the "safety-valve" provision, directs a sentencing court to sentence without regard to a statutory minimum for certain drug-related offenses if five criteria are met. This provision was originally enacted as part of the Violent Crime Control and Law Enforcement Act of 1994 and is codified at 18 U.S.C. § 3553(f). *See* U.S.S.G. § 5C1.2

background note (2009). There is no dispute that Scruggs meets the first, third, and fourth criteria. The district court denied application of the safety valve on finding that he did not meet the second criterion, that "the defendant did not . . . possess a firearm or other dangerous weapon . . . in connection with the offense," and the fifth criterion, that "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." U.S.S.G. § 5C1.2(a)(2), (5).

On appeal, Scruggs challenges only the finding of firearm possession, not the determination that he failed to truthfully provide all information and evidence concerning the offense to the Government. He argues that with only one factor blocking application of the safety valve reduction, it would be appropriate for the sentencing court to vary from the Guidelines.

Scruggs's argument is unavailing in the context of statutory minima. This Circuit has held that *United States v. Booker*, 543 U.S. 220 (2005) (rendering the Guidelines advisory), and *Kimbrough v. United States*, 552 U.S. 85 (2007) (allowing district courts to vary from otherwise applicable Guidelines based on policy disagreements) did not affect statutory minima and their statutorily enacted exceptions. *United States v. Branch*, 537 F.3d 582, 593-95 (6th Cir. 2008) ("*Booker* and its progeny did not invalidate the criteria established by Congress for sentencing a defendant below the statutory minimum sentence."); *United States v. Patterson*, 145 F. App'x 988, 991 (6th Cir. 2005) ("*Booker* did not strike down the statutory safety valve."). This is because *Booker* severed only those provisions of the Federal Sentencing Act that required district courts to follow the Guidelines, namely 18 U.S.C. §§ 3553(b)(1) and 3742(e). *Booker*, 543 U.S. at 259;

*Branch*, 537 F.3d at 592. The rest of the Act was left intact, *Booker*, 543 U.S. at 259, which part included statutory minima and their exceptions. *See Branch*, 537 F.3d at 592 (citing *United States v. Gonzalez*, 257 F. App'x 932, 947 (6th Cir. 2007).

As district courts are without discretion in applying an exception to a statutory minimum, a defendant must meet "each and every criterion" in order to be eligible for safety-valve relief. *United States v. Bazel*, 80 F.3d 1140, 1142 (6th Cir. 1996). Scruggs has not met the fifth criterion and does not challenge the district court's determination on that issue.[1] His failure to meet even one criterion precludes him from safety-valve eligibility.

## C. Firearm Possession

Any alleged error in the district court's finding of firearm possession is harmless. Scruggs received the statutory minimum of ten years for his offense. Because he received the lowest possible sentence under the statute, any enhancement, whether applied in error or not, had no effect on his sentence. In addition, the finding of firearm possession does not affect application of the safety valve for the reasons explained above. Thus, we conclude that the enhancement issue is moot and affirm on the basis of Scruggs's failure to meet the safety-valve requirements.

### III. Conclusion

For these reasons, we **AFFIRM** the district court's sentence.

---

[1]Issues not raised in a party's opening brief are waived. *Miller v. Admin. Office of the Courts*, 448 F.3d 887, 893 (6th Cir. 2006).