**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 13, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DIONISIO SALGADO-MEZA,

Defendant - Appellant.

No. 12-1044

(D. Colorado)

(D.C. No. 1:10-CR-00614-MSK-3)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Defendant and appellant, Dionisio Salgado-Meza, appeals the district

court's refusal to apply a "safety valve" reduction to the sentence imposed on him

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

following his guilty plea.  Finding that the court did not err in denying him safety valve relief, we affirm his sentence.

## BACKGROUND

Salgado-Meza pled guilty to one count of conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846(a)(1) and (b)(1)(A)(ii)(II), and one count of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(ii).  He was sentenced to 135 months' imprisonment, followed by five years of supervised release.  In the course of imposing that sentence, the district court declined to apply the safety valve provisions of 18 U.S.C. § 3553(f) and United States Sentencing Commission, Guidelines Manual ("USSG"), §5C1.2, which would have permitted a lower sentence.  Salgado-Meza appeals, arguing the court erred in not finding him eligible for a safety valve reduction.

## DISCUSSION

Under the safety valve provisions, 18 U.S.C. § 3553(f) and USSG §5C1.2, district courts must sentence certain first-time drug offenders in accordance with the applicable Guidelines "without regard to any statutory minimum sentence." 18 U.S.C. § 3553(f); USSG §5C1.2(a).  A defendant must meet five criteria, however, in order to qualify for the safety valve.  The defendant has the burden to prove by a preponderance of the evidence that he meets each of those

requirements.  United States v. Altamirano-Quintero, 511 F.3d 1087, 1098 (10th Cir. 2007).

There is no dispute in this case that Salgado-Meza satisfies the first four requirements, which are:  (1) the defendant does not have more than one criminal history point; (2) the defendant did not use violence (or the threat of violence) or possess a weapon in connection with the offense; (3) the offense did not result in death or serious bodily injury to any person; and (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense.  18 U.S.C. § 3553(f)(1)-(4).  The only requirement at issue in this case is the fifth one, which provides that the defendant "has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement."  Id. § 3553(f)(5); USSG §5C1.2(a)(5).

Salgado-Meza concedes it is "undisputed that, at no point prior to sentencing, did [he] seek to debrief with, or make any effort to proffer statements to, the government concerning the allegations set forth in the indictment." Appellant's Br. at 4.  He nonetheless objected to the United States Probation Office's presentence report's recommendation that he not receive safety valve

relief because he claimed he met the fifth requirement on the ground that the government knew everything he knew about his criminal activities. More specifically, he argued that the government had been investigating the conspiracy to which Salgado-Meza pled guilty for several years, including tapping his phone conversations, and therefore was already aware of any information Salgado-Meza might be able to provide. The district court rejected this argument, stating that "because [Salgado-Meza] has not made the predicate offer either in writing or orally in accordance with subsection (f)(5)[,] [he] is not entitled to the safety valve reduction." Tr. of Sentencing Hr'g at 8, R. Vol. 1 at 124.

Salgado-Meza renews his argument on appeal, arguing that his case is unusual and he is entitled to safety valve relief even though he did not proffer any information to the government, either orally or in writing, because he knew nothing that the government did not already know.

"We review a district court's factual determination on safety-valve eligibility for clear error, including whether a defendant has provided the government with complete and truthful information. A district court's legal interpretation guiding its application of the safety-valve provision is reviewed de novo." United States v. Cervantes, 519 F.3d 1254, 1256 (10th Cir. 2008). In conducting clear error review of factual determinations, we have stated that "we are cognizant that the district court's application of the safety valve is fact specific and dependent on credibility determinations that cannot be replicated

with the same accuracy on appeal." Altamirano-Quintero, 511 F.3d at 1098 (quoting United States v. Stephenson, 452 F.3d 1173, 1180 (10th Cir. 2006)).

As we have previously noted, the safety valve statute and guideline require the disclosure of "all information and evidence . . . concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5); USSG §5C1.2(a)(5). "The phrase 'all information and evidence' is obviously broad." United States v. Acosta-Olivas, 71 F.3d 375, 378 (10th Cir. 1995). When the defendant's offense involves a conspiracy, as does Salgado-Meza's, "we require the defendant to disclose not only everything he knows about his own actions, but also everything he knows about his co-conspirators." Altamarino-Quintero, 511 F.3d at 1098 (quoting Stephenson, 452 F.3d at 1180-81). Furthermore, "the section . . . requires that a defendant truthfully tell all he knows to the government, regardless of whether this information is useful to the government." Acosta-Olivas, 71 F.3d at 379. Thus, the fact that the government already knows what a defendant discloses is irrelevant.

The safety valve provisions do not, however, "prescribe how the defendant must convey this information to the Government." Altamarino-Quintero, 511 F.3d at 1092 n.7. Indeed, "[t]here may be many ways that a defendant could provide the Government with sufficient information to satisfy § 3553(f)(5)." Id. We have nonetheless stated that the "plain language" of the safety valve

provisions "unequivocally requires 'an affirmative act by the defendant truthfully disclosing all the information he possesses that concerns his offense or related offenses.'" Stephenson, 452 F.3d at 1182 (quoting United States v. Adu, 82 F.3d 119, 124 (6th Cir. 1996)). The requirement that a defendant "provide" information insures that the purpose of the safety valve is served: "to benefit 'only those defendants who truly cooperate[.]'" Id. (quoting United States v. Schreiber, 191 F.3d 103, 106 (2d Cir. 1999)).

In this case, Salgado-Meza admittedly did nothing other than communicate, in some form, to the government that the government already knew everything he knew about the conspiracy. That is not the kind of affirmative act required to satisfy his burden to prove that he met the safety valve requirements.

Furthermore, even were we to accept that Salgado-Meza somehow adequately "provided" the government with all he knew, it is impossible to assess the truthfulness of his claim that the government already knew what he knew. As the district court observed in Salgado-Meza's sentencing proceedings:

> [I]t's virtually impossible for someone to prove a negative. And the interpretation given by the defense here would offer to the defendant the opportunity to engage in an ultimately futile act of trying to prove a negative that, indeed, he did not have any information that the Government [did not] already ha[ve]. The predicate of that is that he would have to know both what the Government knew and what the Government did not know.

Tr. of Sentencing Hr'g at 28, R. Vol. 2 at 31.[1]

Additionally, the very language of the safety valve provisions states that it does not matter if the government already knows what a defendant provides or discloses. That knowledge does not undermine the obligation to provide any and all information known by the defendant. So, Salgado-Meza cannot excuse his failure to provide information because, in his view, his information will not aid the government.

Finally, the record reveals that there were, in fact, clear gaps in the government's information and knowledge as to aspects of the conspiracy, which Salgado-Meza could have filled. In the "Rule 11(c)(1)(B) Plea Agreement and Stipulation of Facts," the parties stipulated that the government could prove that Salgado-Meza "conspired with [named co-conspirators] and others, <u>both known and unknown to the Government</u>, to distribute and possess with the intent to distribute cocaine." Plea Agreement at ¶ 16, R. Vol. 1 at 48 (emphasis added). They further stipulated that "agents intercepted numerous telephone calls between the defendant, [a named co-conspirator], and <u>unidentified Mexican sources of supply</u>." <u>Id.</u> (emphasis added). It defies belief to suggest that Salgado-Meza could not have shed light on those obvious unknown and unidentified individuals.

---

[1]The quotation above actually states, in line five: "he did not have any information that the Government already had." That phrase is somewhat confusing, so we have altered it to more clearly state what is clearly the argument addressed by both parties–i.e., whether Salgado-Meza must disclose information which he claims the government already has.

In sum, we agree with the district court that Salgado-Meza failed to meet his burden to prove that he was eligible for safety valve relief.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's refusal to reduce Salgado-Meza's sentence under the safety valve provisions.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge