NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0034n.06

Case No. 22-3125

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Jan 18, 2023
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| ANTHONY SHARP, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

Before: COLE, NALBANDIAN, and READLER, Circuit Judges.

**CHAD A. READLER, Circuit Judge.** Anthony Sharp pleaded guilty to federal crimes that carried mandatory minimum sentences. Seeking relief from those penalties, Sharp invoked what is known as the safety-valve provision in 18 U.S.C. § 3553(f), which Sharp believed would make him eligible to be sentenced below the mandatory minimum. To so qualify, however, Sharp was required to "truthfully provide[]" offense-related information to the government. *Id.* § 3553(f)(5). Finding that Sharp was not forthcoming during his safety-valve proffers, the district court denied his request and imposed the minimum statutory sentence required. As the district court did not clearly err in its assessment of Sharp's conduct, we affirm.

## I.

Anthony Sharp was an office manager for the United States Postal Service. Postal Service officials suspected that Sharp was screening packages he believed to contain illicit drugs and then

stealing their contents. Postal inspectors prepped two test packages to catch Sharp in the act. The first contained a kilogram brick of cocaine enclosed in a vacuum sealed bag and wrapped in layers of tape, making it apparent to anyone what the package, upon opening, contained. Enclosed in the second was nearly a kilogram of methamphetamine in a clear food saver bag, wrapped in a t-shirt and placed in a backpack, that readily displayed "huge shards" of crystal meth upon opening.

The plan worked. While at work, Sharp grabbed the two test packages out of the mail stream and transferred them to his car. He drove to a nearby parking lot to examine the packages before returning to work. When he arrived back at the post office, Sharp exited his car with a mail sack and another parcel, but left the test packages in his car. Several hours later, he returned to his car and drove toward a residence where investigators had previously witnessed Sharp drop off other suspected stolen packages. Cuyahoga County Sheriff deputies stopped him before he arrived at his destination. A search of Sharp's car revealed the two test packages, which had been opened while in his possession, as well as a third stolen package containing fentanyl.

A grand jury charged Sharp with six offenses: one drug conspiracy count; one count each of possessing with the intent to distribute cocaine, methamphetamine, and fentanyl; one count of money laundering; and one count of theft of mail. Sharp agreed to plead guilty to each count, several of which had statutory minimum sentences. The imposition of minimum sentences raised the possibility of a safety-valve reduction under 18 U.S.C. § 3553(f), which, if applicable, would authorize the district court to impose a sentence below the mandatory minimum. But before the district court could do so, Sharp had to "truthfully provide[] . . . the Government all information and evidence" he had concerning his offenses. 18 U.S.C. § 3553(f)(5).

Sharp met with investigators twice to participate in proffer meetings. During the proffers, Sharp denied that he was part of a larger drug-trafficking scheme. He admitted to screening

packages only for marijuana, which he would smoke and sell. He disclaimed selling other drugs, stating that he placed packages without marijuana back into the mail stream. Doubting that Sharp had provided all the information and evidence he had concerning his crimes, the government opposed application of the safety-valve reduction. After hearing from the parties and a postal inspector who had investigated Sharp, the district court agreed that Sharp was ineligible for a reduction. Sharp was thus ordered to serve the mandatory minimum of 120 months' imprisonment.

## II.

On appeal, Sharp contests the district court's decision to deny him a § 3553(f) sentence reduction. For § 3553(f) to apply, Sharp had to prove by a preponderance of the evidence that he satisfied five statutory criteria. 18 U.S.C. § 3553(f)(1)–(5); U.S.S.G § 5C1.2; *United States v. Barron*, 940 F.3d 903, 914 (6th Cir. 2019). With the parties in agreement that Sharp satisfied the first four criteria, we turn our focus to the fifth—whether Sharp truthfully gave the government "all information and evidence [he had] concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan . . . ." 18 U.S.C. § 3553(f)(5).

What does it take to say a defendant has truthfully disclosed "all the information he possesses" concerning "his offense or related offenses"? *United States v. Adu*, 82 F.3d 119, 124 (6th Cir. 1996). Willingly answering the government's questions is a must. But so is disclosing other relevant information known to the defendant related to his criminal conduct, as the safety valve applies "only [to] those defendants who truly cooperate." *United States v. O'Dell*, 247 F.3d 655, 675 (6th Cir. 2001) (quoting *United States v. Marin*, 144 F.3d 1085, 1094 (7th Cir. 1998)). Of course, a defendant can disclose only what he knows. *See Barron*, 940 F.3d at 917. And his eligibility for the reduction is not contingent upon making disclosures that ultimately aid the

government in its law-enforcement efforts. *See* 18 U.S.C. § 3553(f)(5); *see also Barron*, 940 F.3d at 917.

We review the district court's assessment of the fact-bound truthfulness requirement for clear error. *See Adu*, 82 F.3d at 124; *see also United States v. Bolka*, 355 F.3d 909, 911 (6th Cir. 2004). Under this deferential standard, we do not assume the role of the factfinder; instead, we simply consider whether any record evidence supported the district court's findings and whether that court's construction of the evidence was reasonable. *See United States v. Sands*, 4 F.4th 417, 420 (6th Cir. 2021).

The district court did not clearly err in finding that Sharp lacked candor when making his safety-valve proffers to government investigators. Start with the question of whether Sharp truthfully disclosed "all the information he possesse[d]" concerning "his offense or related offenses." *Adu*, 82 F.3d at 124 (noting the defendant's initial burden). Sharp's offenses primarily concerned conspiring to distribute cocaine, methamphetamine, and fentanyl. Yet Sharp flatly denied any conduct of that ilk and thus provided no information on those topics during his proffers. By failing to admit that he committed even the offenses of conviction, Sharp plainly did not satisfy the safety valve's truthfulness requirement. *See United States v. Gardner*, 32 F.4th 504, 527 (6th Cir. 2022) (recognizing § 3553(f)(5)'s "tell-all criteria" requires a defendant convicted of federal drug conspiracy to admit to "actual knowledge or deliberate ignorance" as to his role in the conspiracy).

Even if Sharp had satisfied this burden, discrepancies in his story entitled the government to rebut his eligibility for safety-valve relief. *Barron*, 940 F.3d at 917. In accordance with § 3553(f), the government challenged Sharp's request for relief by pointing out that, even short of lying, his proffers revealed "inconsistencies or implausibility" in his story. *Id.* Sharp's story was

particularly implausible. He claimed that he returned all non-marijuana parcels to the post office. But the government presented evidence that Sharp stole and opened packages plainly containing drugs other than marijuana. And, the government showed, instead of returning the drugs to the post office (as he did with other packages), Sharp was en route to another location, open packages in tow. All things considered, the district court did not clearly err in concluding that Sharp was not truthful to the government. *See Adu*, 82 F.3d at 124–25.

Sharp faults the district court for simply parroting the government's speculative view as to Sharp's truthfulness. That characterization is wrong, both factually and legally. Take the facts first. Testimony from a postal inspector, the district court found, "confirm[ed]" that Sharp's account was unbelievable. That independent finding was a proper basis for denying Sharp relief. *See Barron*, 940 F.3d at 917–18. Now turn to the law. Sharp was required to make disclosures consistent with his conviction. *Gardner*, 32 F.4th at 527. He did not. Case in point, Sharp asserted that he never participated in non-marijuana drug trafficking, the very crimes to which he pleaded guilty. *Adu*, 82 F.3d at 125 ("Where the government challenges a defendant's claim of complete and timely disclosure and the defendant does not produce evidence that demonstrates such a disclosure, a district court's denial of a motion under § 3553(f) . . . is not clearly erroneous."). Because Sharp failed to carry his burden in this way, there was no need for the district court to make an independent finding affirmatively showing Sharp was being untruthful (which it did in any event). *See Gardner*, 32 F.4th at 527.

Sharp also faults the district court for referencing the wrong standard of proof for a safety-valve reduction—specifically, substantial evidence, as opposed to the preponderance of the evidence standard. Assuming for argument's sake that the district court did make such an error, it would have only behooved Sharp. After all, "'[s]ubstantial evidence' is more than a mere scintilla

of evidence, but less than a preponderance." *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 245 (6th Cir. 1996) (citation omitted). If Sharp could not carry a lesser burden, in other words, he certainly could not have shouldered a heavier one.

## III.

We affirm the judgment of the district court.