**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose CEDENO, Defendant–Appellant.**

**No. 00–6578.**

United States Court of Appeals, Sixth Circuit.

June 20, 2002.

Before KEITH and DAUGHTREY, Circuit Judges; MARBLEY, District Judge.[*]

Jose Cedeno, represented by counsel, appeals from his judgment of conviction and sentence. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In August 2000, Cedeno pleaded guilty to aiding and abetting the possession with

---

[*] The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The district court sentenced Cedeno to 120 months of imprisonment. It is noted that Cedeno pleaded guilty after the district court denied his motion to suppress.

In his timely appeal, Cedeno argues that: 1) the police officer lacked probable cause to stop him; 2) the seizure of drugs from the vehicle that Cedeno was driving was unreasonable because Cedeno was detained for more time than necessary to effectuate the purpose of the stop; and 3) the district court erred when it denied him a reduction under the "safety valve" provision.

Upon review, we conclude that the district court properly denied Cedeno's motion to suppress evidence seized after Cedeno was initially stopped for traffic violations. *United States v. Hill*, 195 F.3d 258, 264–65 (6th Cir.1999). First, Officer McCord's observation of two traffic violations justified the initial stop, regardless of the officer's motives or intent. *United States v. Johnson*, 242 F.3d 707, 709 (6th Cir.2001). Cedeno simply did not present any evidence to rebut the officer's testimony that he observed Cedeno commit two traffic violations, and the district court's factual conclusion that Officer McCord was credible is entitled to deference. *Hill*, 195 F.3d at 264–65. Second, Officer McCord was entitled to ask for permission to search the car, even if he lacked a reasonable suspicion that the car contained contraband. *See United States v. Erwin*, 155 F.3d 818, 822–23 (6th Cir.1998) (a law enforcement officer does not violate the Fourth Amendment merely by approaching an individual and requesting his consent to search the individual's vehicle, even when there is no suspicion that a crime has been committed).

We also conclude that the district court did not err when it denied Cedeno a reduc-tion under the "safety valve" provision. Cedeno did not establish that he was entitled to such a reduction because he acknowledged that he did not provide the government with all the information concerning his drug crimes and the people involved in the offenses. *See United States v. Adu*, 82 F.3d 119, 123–25 (6th Cir.1996). Rather, he specifically refused to reveal certain information because he believed that doing so would place his family in danger. However, fear of retaliation does not relieve a defendant of the obligation to make full disclosure in order to obtain a reduction under the "safety valve" provision. *United States v. Roman–Zarate*, 115 F.3d 778, 785 (10th Cir.1997); *United States v. Montanez*, 82 F.3d 520, 523 (1st Cir.1996).

Accordingly, we affirm the district court's judgment.