*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 10a0074p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

                                        No. 09-3073

        *v.*

LEONEL A. PENA, III,
                    *Defendant-Appellant.*

———————————

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 08-00075-003—James L. Graham, District Judge.

Submitted: March 10, 2010

Decided and Filed: March 18, 2010

Before: DAUGHTREY, GILMAN, and KETHLEDGE, Circuit Judges.

———————————

## COUNSEL

**ON BRIEF:** Charles G. Kaps, Columbus, Ohio, for Appellant. Kevin W. Kelley, Robyn Jones Hahnert, ASSISTANT UNITED STATES ATTORNEYS, Columbus, Ohio, for Appellee.

———————————

## OPINION

———————————

MARTHA CRAIG DAUGHTREY, Circuit Judge. In this appeal, the defendant challenges the district court's decision denying application of the "safety valve" sentencing provision in U.S.S.G. § 5C1.2 that permits a two-level reduction for certain defendants who cooperate fully with the government prior to sentencing. The defendant admittedly did not give the prosecutors all the information he had about the drug-trafficking offense for which he was convicted. He nevertheless argues on appeal, as he did below, that we should permit safety-valve sentencing in his case principally because he feared retaliation if he made a full

1

disclosure and also because the government had already obtained from another source the information they demanded from him. As the district court noted, however, the sentencing guidelines do not recognize such exceptions, and the defendant's proposals have been rejected consistently by other circuits and in the unpublished opinions of this circuit. As did the district court, we conclude that the remedy the defendant seeks is simply unavailable. We therefore affirm the court's sentencing order.

### *FACTUAL AND PROCEDURAL BACKGROUND*

According to the presentence report filed in this case, defendant Pena participated in a scheme to transport several hundred kilograms of marijuana from Texas to Ohio concealed in inflatable "fun castles" and other containers. Law enforcement agents intercepted one such shipment in North Carolina and arranged for a controlled delivery to the intended recipient in Wellston, Ohio, where it was later recovered, along with several similar shipments. They had been sent by a Texas-based supplier to Mike Morelock, an Ohio-based distributor. Pena and co-defendant Armando Gonzales worked for the Texas supplier and traveled from Texas to Ohio to collect the proceeds and take the currency back to Texas. Agents found Pena and Gonzales at a Red Roof Inn near the Ohio delivery site with shipping numbers and the "COD" cost for two shipments of marijuana.

Along with two of his co-conspirators, Pena was indicted for various offenses related to the transport and distribution of marijuana. Under an agreement reached with government prosecutors, Pena entered a guilty plea to conspiracy to distribute and to possess with intent to distribute one hundred kilograms or more of marijuana. In exchange, the government dismissed the remaining charges against him. The parties agreed that Pena had neither a supervisory role nor a minor or minimal role in the conspiracy and, therefore, that there should be no adjustment to his sentence based on his role. The parties also agreed that Pena had accepted responsibility and, accordingly, should receive a three-level reduction in his base offense level under U.S.S.G. § 3E1.1(b).

The presentence report contained the probation officer's calculation that Pena's proper range under the sentencing guidelines was 70 to 87 months, based on a total offense level of 27 and a criminal history category of I. The report also noted that Pena's offense, a violation of 21 U.S.C. § 841(b)(B)(vii), carried a mandatory minimum term of five years.

Although Pena met all the other criteria for the safety-valve two-level reduction, the probation officer concluded that Pena was ineligible for a section 5C1.2 (a) reduction because he had failed to provide the government with all of the information he had concerning the offense, as required by section 5C1.2 (a)(5). Specifically, the government wanted Pena to provide more detailed information about the Texas supplier than he had given the government under his plea agreement.

At sentencing, Pena's attorney conceded that his client knew but refused to provide the government with the requested information, explaining that Pena "[wa]s concerned about retribution against his family, his mother and his wife" if he made a full disclosure. He also contended that the Government had already discovered the identity of the defendant's source in Texas through Pena's co-defendants. When asked whether the government did, in fact, already have the information it sought from Pena about the Texas supplier, counsel for the government conceded that "Mr. Morelock ha[d] cooperated" and had provided some information about contacts in Texas, but maintained that the prosecution "[was] clearly missing quite a bit of information because [Morelock] only knew the [Texas supplier] on an infrequent basis." Based on this proffer, the district court concluded that although the prosecution might have some information about the Texas supplier, the government "still [didn't] have all of the information that [it] needed from Mr. Pena."

After considering the factors outlined in 18 U.S.C. § 3553(a), the district court sentenced Pena to 70 months' imprisonment and four years of supervised release, a sentence at the low end of the advisory guideline range. The district court declined to apply the safety-valve reduction, a decision that Pena now challenges on appeal.

## *DISCUSSION*

A defendant who was not an "organizer, leader, manager, or supervisor of others in the offense" of conviction is eligible for the safety-valve reduction if, among other requirements, he "truthfully provide[s] to the Government all information and evidence the defendant has concerning the offense of offenses that were part of the same course of conduct or of a common scheme or plan." U.S.S.G. §5C1.2(a)(1-5). The guidelines require a defendant seeking the safety-valve reduction to provide all such information even if it is not "relevant or useful" or "the Government is already aware of the information."

§ 5C1.2(a)(5). In addition, the burden of proving entitlement is on the defendant. *See United States v. Adu*, 82 F.3d 119, 123-24 (6th Cir. 1996) (citing *United States v. Rodriguez*, 896 F.2d 1013, 1032 (6th Cir. 1990)). "Where the government challenges a defendant's claim of complete and timely disclosure and the defendant does not produce evidence that demonstrates such a disclosure, a district court's denial of a motion under § 3553(f) and § 5C1.2[(a)](5) is not clearly erroneous." *Id.* at 125.

In essence, the defendant now asks this court to carve out public-policy exceptions to the safety valve provision's requirement of full and truthful disclosure both when disclosure is likely to trigger retribution against the defendant or third parties and when the government has access from another source to the information that the defendant could provide. We have no authority to do so, however, given that the development of sentencing policy is controlled by Congress, not the courts. Moreover, the safety-valve criteria are "stringent" because Congress intended the provision "to benefit only those defendants who truly cooperate." *United States v. O'Dell*, 247 F.3d 655, 675 (6th Cir. 2001).

As a result, we have held in unpublished opinions that "fear of retaliation does not relieve a defendant of the obligation to make full disclosure in order to obtain reduction under the 'safety valve' provision." *United States v. Cedno*, 37 F. App'x 786, 787 (5th Cir. 2002); *see also United States v. Gilliam*, 127 F. App'x 820, 823 (6th Cir. 2005) (holding that "fear of retaliation does not relieve a defendant of the obligation to make a full disclosure in order to qualify for safety-valve reduction"). Moreover, our sister circuits are uniform in their conclusion that a defendant who refuses to make a full and truthful disclosure for fear of retaliation is not entitled to a downward departure under the safety-valve provision. *See, e.g.*, *United States v. Tang*, 214 F.3d 365, 371 (2d Cir. 2000) (concluding that the safety-valve guideline "makes no exception for failure to furnish information because of feared consequences"). A defendant is, of course, "entitled to remain silent" if he fears retaliation, but in that case "he is no longer entitled to special treatment" in the form of a reduced sentence. *United States v. Roman-Zarate*, 115 F.3d 778, 785 (10th Cir. 1997); *see also United States v. Stewart*, 93 F.3d 189, 196 (5th Cir. 1996) (noting that § 5C1.2(a)(5) does not "compel [a] defendant to risk his or his family's lives" because the defendant "can refuse the opinion and receive the statutory sentence under the regular sentencing scheme"); *United*

*States v. Montanez*, 82 F.3d 520, 523 (1st Cir. 1996) ("[F]ull disclosure is the price that Congress has attached to relief under the statute.").

Based on the foregoing authority and the plain language of the guidelines, we hold that the defendant's fear of retaliation, however credible, does not create an exception to the safety-valve provision's requirement of complete and truthful disclosure. Hence, the district court did not err by refusing to the apply the two-level reduction on this basis.

We likewise decline to recognize an exception to the disclosure requirement based on the existence of another source for the information that the government seeks from a defendant. The applicable guideline does not prevent a sentencing court from applying the safety-valve reduction if the only information a defendant has is also known to the government. *See* § 5C1.2(a)(5) ("[T]he fact that . . . the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with th[e] requirement [of full and truthful disclosure]."). On the other hand, it does not permit the defendant to withhold information on the ground that the government has secured it from another source.

Even if we were to recognize such a public-policy exception to the disclosure requirement, Pena could not invoke it. As the record shows, Pena apparently did possess information about the Texas supplier beyond that revealed by Morelock or any of the other cooperating witnesses, and the district court specifically found that not all of Pena's knowledge was redundant.

### *CONCLUSION*

For the reasons set out above, we conclude that the decision to deny the defendant a two-level reduction in his sentence under the safety-valve provision of the sentencing guidelines was proper, and we therefore AFFIRM the district court's judgment.