[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10054

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RICARDO MAXWELL BOWE, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:21-cr-80105-DMM-1

_____

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Congress enacted the "safety valve" to permit defendants convicted of certain crimes to be sentenced below any statutory minimum if the sentencing court finds that they meet five listed criteria. *See* 18 U.S.C. § 3553(f). Those same criteria have been incorporated into the Sentencing Guidelines. *See* U.S.S.G. § 5C1.2(a).

As relevant here, the fifth element under § 3553(f) requires a defendant to "truthfully provide[] to the Government all information and evidence" he has about his offense. 18 U.S.C. § 3553(f)(5). "This plain language requires a defendant to both truthfully and fully disclose information within [his] knowledge relating to the crime for which []he is being sentenced[,]" even if the information is not useful to the government. *United States v. Figueroa*, 199 F.3d 1281, 1282–83 (11th Cir. 2000); *see United States v. Thomas*, 32 F.4th 1073, 1079 (11th Cir. 2022) ("While [§ 3553(f)(5)] does not bar a defendant from safety valve relief if he has no information to share, it is clear it requires a defendant to share what information he does have.").

Appellant Ricardo Bowe claims that he should be excused from this "tell-all" requirement because of fear that harm would come to him or his family if he did so. Bowe pled guilty to distribution of 28 grams or more of cocaine base, *see* 21 U.S.C.

§ 841(a)(1), which ordinarily carried a mandatory minimum sentence of five years, *see id.* § 841(b)(1)(B)(iii).  Without the mandatory minimum, his guideline range was 46 to 57 months.

Bowe met all the requirements for relief under the safety value except for § 3553(f)(5).  At sentencing, Bowe acknowledged not being fully truthful with the government, but he argued for a "fear-of-harm" exception that would permit the court to grant relief, anyway.  He asserted that he lived in a rough neighborhood and feared harm to himself or his family if he gave a full statement.  The district court found that such an exception was not consistent with this Court's precedent, so it imposed the mandatory minimum sentence of 60 months.  The court said it would have sentenced Bowe to less time if it had the discretion to do so.

We review *de novo* the district court's understanding of the scope of its authority under the safety valve.  *Figueroa*, 199 F.3d at 1282.  When construing a statute, we begin, and often end, "with the language of the statute itself."  *United States v. Steel*, 147 F.3d 1316, 1318 (11th Cir. 1998) (*en banc*).  "Where the language Congress chose to express its intent is clear and unambiguous, that is as far as we go to ascertain its intent because we must presume that Congress said what it meant and meant what it said."  *Id.*  In other words, when the words of a statute are unambiguous, "judicial inquiry is complete."  *Harris v. Garner*, 216 F.3d 970, 973 (11th Cir. 2000) (*en banc*).

Here, the district court properly denied relief under the safety valve.  Bowe's proposed fear-of-harm exception to the tell-

all provision, § 3553(f)(5), is not consistent with the statutory language. The statute Congress enacted authorizes relief from the mandatory minimum only "if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that" each of the five listed criteria are met. 18 U.S.C. § 3553(f). As relevant, the fifth element states in full,

> [N]ot later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

Nothing in this provision can reasonably be construed to support an exception for cases where a defendant fears harm from full and truthful disclosure. Nor does Bowe rely on any specific statutory language. Regardless of any merits it may or may not have as a policy matter, we lack the authority to craft an exception that contradicts the plain language of the statute. *See Harris*, 216 F.3d at 973; *Steel*, 147 F.3d at 1318; *e.g.*, *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1091 (11th Cir. 2017) (*en banc*) ("Congress did not create any exception to section 2255(h) for non-constitutional changes in law, so we may not craft one.").

Bowe's proposed fear-of-harm exception to the safety valve is also inconsistent with our precedent.[1]  In *Thomas*, for example, we held that a defendant was ineligible for safety-valve relief when he refused to share all relevant information about a drug operation with the government.  32 F.4th at 1079.  We noted that, in his sentencing memorandum, the defendant stated he did not cooperate because of safety concerns for himself and his family.  *Id.* at 1079 n.10.  But we explained that the defendant had the "burden to show, by a preponderance of the evidence, that he met each of the five safety valve criteria."  *Id.* at 1079.  Because the defendant chose not to disclose all information he had regarding the drug operation and his co-conspirators, we concluded he was not eligible for safety-valve relief.  *Id.*; *see also Figueroa*, 199 F.3d at 1282 (holding that § 3553(f)(5) requires "complete and truthful disclosure of [a defendant's] knowledge of the crime," even if the information is not useful to the government).

In short, the plain language of § 3553(f) and our precedent require defendants to prove all five safety-valve criteria, including full and truthful disclosure of information about their offense.  Because Bowe admittedly did not do so, even if he had good reasons

---

[1] In addition, every circuit to have addressed the issue has declined to recognize a fear-of-harm exception.  *See United States v. Pena*, 598 F.3d 289, 292 (6th Cir. 2010); *United States v. Tang*, 214 F.3d 365, 371 (2d Cir. 2000); *United States v. Roman-Zarte*, 115 F.3d 778, 785 (10th Cir. 1997); *United States v. Stewart*, 93 F.3d 189, 196 (5th Cir. 1996); *United States v. Montanez*, 82 F.3d 520, 523 (1st Cir. 1996).

6                    Opinion of the Court                    22-10054

for that choice, he is not eligible for relief under the safety valve. We therefore affirm his 60-month sentence.

**AFFIRMED.**