NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0538n.06

No. 25-3067

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Nov 21, 2025
KELLY L. STEPHENS, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

WILLIAM HARTSON,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

OPINION

Before: GRIFFIN, THAPAR, and HERMANDORFER, Circuit Judges.

GRIFFIN, Circuit Judge.

Defendant William Hartson pleaded guilty to two drug-related offenses. Before sentencing, Hartson argued that he qualified for a safety-valve reduction under 18 U.S.C. § 3553(f), which allows a district court to sentence a defendant without regard to any mandatory minimums set by statute. The district court found that Hartson had failed to satisfy one of § 3553(f)'s criteria, denied his request for safety-valve relief, and imposed the mandatory minimum sentence of 120 months. We affirm.

I.

Hartson booked a flight to California for himself and Dalvin Rogers, where they stayed for two days before flying back to Ohio. On the return flight, they checked their luggage and, just before their bags were placed on the carousel, a police canine alerted to the presence of narcotics. When Hartson and Rogers claimed their luggage, police stopped them. Hartson and Rogers

consented to a search, and police found 3.79 kilograms of cocaine in Hartson's bag and 3.84 kilograms in Rogers's bag.

The government charged Hartson with one count of conspiring to distribute and possess with intent to distribute more than 5 kilograms of cocaine, and one count of possession with intent to distribute more than 500 grams of cocaine. Hartson pleaded guilty to both counts.

In his interview with the probation office, Hartson stated: "I take full responsibility for the role that I played in this case. I knew there were drugs coming back. I apologize to the Courts and to my family for the mistake that I made." Based on this statement and the fact that Hartson had timely notified authorities of his intention to enter a guilty plea, the presentence report recommended an acceptance-of-responsibility reduction from Hartson's base offense level. This yielded a total offense level of 27, which, together with his criminal history category of II, would generally result in a Guidelines range of 78 to 97 months. But because Hartson pleaded guilty to charges that require mandatory minimums, the presentence report stated that his Guidelines term of imprisonment was 120 months.

Hartson objected to the presentence report, arguing that he was entitled to a safety-valve reduction, which allows a district court to sentence a defendant without regard to mandatory minimums if, among other things, "the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan" no later than "the time of the sentencing hearing." 18 U.S.C. § 3553(f)(5). In support, Hartson stated that, although he "did not make a statement to the United States [Attorney's Office], he did plead guilty to the indictment . . . [and therefore] has assented to all of the knowledge and information that the [U.S.] Attorney has,

making a formal statement unnecessary." The probation officer disagreed, responding that Hartson "refused to meet with the Government" and therefore did not qualify for safety-valve relief.

At the sentencing hearing, Hartson renewed his objection, arguing that "pleading to the indictment" and "his acceptance of responsibility, that 'I went to LA and I knew I brought back drugs'" were enough to qualify for safety-valve relief. He acknowledged, however, that he had not "provide[d] a statement . . . to the government about his complete role in the offense" and therefore had not met "the exact letter of the law" under § 3553(f)(5).

The district court asked Hartson if he wanted to continue the hearing so he could satisfy § 3553(f)(5)'s disclosure requirement, as the law required. But Hartson's counsel explained that Hartson "does not want to do that" because he feared for "his safety and how he will be treated by the other prisoners" if he met with the government. Hartson himself then confirmed that he was "not interested in speaking with the government, as would be required under [§ 3553(f)(5)]."

The government argued that § 3553(f)(5) required Hartson to meet with government officials and provide a statement regarding "what he did" and "how the crime occurred, which may necessarily include discussing other people." Because Hartson had been provided several opportunities to meet with government officials, but refused every time, the government contended that he did not qualify for safety-valve relief.

The district court agreed with the government, explaining that to receive a safety-valve reduction, "it's not you admitting, it's not you pleading, it's not you cooperating, it's that you truthfully provide all that you know" to the government. Because Hartson had not done so, the district court found that he was not eligible for a safety-valve reduction and overruled his objection.

Later, the district court gave Hartson one last opportunity to satisfy § 3553(f)(5)'s disclosure requirement, but Hartson remained steadfast in his refusal to meet with or provide

information to the government.  The district court then imposed the mandatory minimum sentence of 120 months.

Hartson timely appealed.

## II.

Hartson appeals a single issue—whether the district court erred in finding that he did not qualify for a safety-valve reduction.  A district court's refusal to apply a safety-valve reduction is a factual finding we review for clear error.  *United States v. Adu*, 82 F.3d 119, 124 (6th Cir. 1996).

To be eligible for a safety-valve reduction, a defendant must satisfy the five criteria listed in § 3553(f).  *Id.* at 121; *see also* U.S.S.G. § 5C1.2(a) (incorporating these criteria verbatim).  A defendant bears the burden of proving by a preponderance of the evidence that he is entitled to a safety-valve reduction.  *United States v. Haynes*, 468 F.3d 422, 427 (6th Cir. 2006).

Here, the only question is whether Hartson carried his burden to show that he satisfied the fifth criterion, to "truthfully provide[] to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan" no "later than the time of the sentencing hearing."  18 U.S.C. § 3553(f)(5).  He did not.

Hartson contends that pleading guilty and stating, "I take full responsibility for the role that I played in this case" and "I knew there were drugs coming back," were enough to satisfy the fifth criterion.  In his view, doing so admitted "all facts in the case, making a separate 'proffer' redundant and unnecessary."

Section 3553(f)(5), however, not only "requires a defendant to admit the conduct charged" but also "imposes an affirmative obligation to volunteer any information aside from the conduct comprising the elements of the offense."  *United States v. Gardner*, 32 F.4th 504, 526–27 (6th Cir.

2022) (citation modified); *see also Haynes*, 468 F.3d at 427 (concluding that even a four-page statement "is of no consequence if the defendant possessed additional information that she did not disclose to the [g]overnment"). This tell-all requirement is "greater than the requirement for an acceptance of responsibility reduction" or simply pleading guilty. *Adu*, 82 F.3d at 124. And fear of possible reprisals in prison for disclosing information to the government does not relieve a defendant of § 3553(f)'s stringent requirements. *United States v. Pena*, 598 F.3d 289, 292–93 (6th Cir. 2010) (collecting cases).

To qualify for safety-valve relief, Hartson needed to "truthfully provide all information he ha[d] concerning the offense[s] of conviction *and all relevant* conduct," i.e., "other offenses that were part of the same course of conduct or of a common scheme or plan," no later than his sentencing hearing. *Adu*, 82 F.3d at 124–25 (citation modified); *see also* U.S.S.G. § 5C1.2 cmt. n.1(C). But he provided no information whatsoever to the government, as he acknowledged at the sentencing hearing. Further, he rejected two opportunities at that hearing to pause the proceedings to allow him to satisfy the fifth criterion.

Thus, the district court correctly found that Hartson did not qualify for a safety-valve reduction. Safety-valve relief is only for those defendants "who truly cooperate," which Hartson refused to do. *Pena*, 598 F.3d at 292 (quoting *United States v. O'Dell*, 247 F.3d 655, 675 (6th Cir. 2001)). Accordingly, we discern no error in the district court's imposition of the mandatory minimum sentence of 120 months.

III.

For the foregoing reasons, we affirm the judgment of the district court.