RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 21a0160p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

CHARLES RAY SANDS,

*Defendant-Appellant*.

> No. 20-1652

───────────────

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 1:17-cr-00076-1—Paul Lewis Maloney, District Judge.

Decided and Filed: July 16, 2021

Before: GRIFFIN, LARSEN, and NALBANDIAN, Circuit Judges.

───────────────

**COUNSEL**

**ON BRIEF:** Matthew S. Kolodziejski, LAW OFFICE OF MATTHEW S. KOLODZIEJSKI, PLLC, Troy, Michigan, for Appellant. Sean M. Lewis, UNITED STATES ATTORNEY'S OFFICE, Grand Rapids, Michigan, for Appellee.

───────────────

**OPINION**

───────────────

GRIFFIN, Circuit Judge.

In his first appeal, defendant Charles Ray Sands challenged the district court's application of a four-level sentencing enhancement for possessing a firearm that had an "altered or obliterated serial number." *See* U.S.S.G. § 2K2.1(b)(4)(B). We clarified the law on that enhancement and remanded the case. At resentencing, the district court applied the enhancement

again, and Sands appeals that application. Because the district court—the second time around—applied the correct legal framework, and because we see no clear error with the district court's factual finding that the gun had an altered serial number, we affirm the district court's judgment.

I.

Sands pleaded guilty to being a felon in possession of a firearm. *United States v. Sands*, 948 F.3d 709, 711 (6th Cir. 2020) (*Sands I*). The initial presentence investigation report ("PSR") recommended that the district court apply U.S.S.G. § 2K2.1(b)(4)(B)'s four-level enhancement because "the firearm possessed by Mr. Sands had an altered or obliterated serial number." *Id.* at 711–12 (citation omitted). Sands objected to the applicability of that sentence enhancement. *Id.* at 712. The final PSR responded that "[b]ased on a review of photographs of the firearm, the serial number in one of the locations appear[ed] to be totally obliterated and illegible," but "[t]he serial number in the other two locations [wa]s significantly defaced, but admittedly still readable; albeit barely." *Id.* (citation omitted).

At the sentencing hearing, "the district court did not examine the weapon itself." *Id.* Instead, it examined photographs that magnified the size of the gun. "The district court recognized that there was no binding [within-circuit] authority . . . on" what constituted an altered or obliterated serial number on a firearm. *Id.* Relying on out-of-circuit authority that the district court found persuasive, it made the following ruling:

> [The firearm's serial number] is clearly made less legible and is clearly altered for the purpose of trying to mask the identity of this weapon. The defendant's argument is that the numbers, albeit harder to read, are still readable. And to a certain extent with the exception of the left to right, the first six and the second six, in the Court's judgment, are much more difficult to read, at least on the photograph that I have in front of me right now, than if the weapon was clean, if you will, and not defaced. I think it meets the standard. The government has met their burden. Accordingly, the defendant's objection in this regard is overruled.

*Id.* (citation omitted). The district court applied § 2K2.1(b)(4)(B)'s four-level enhancement and imposed sentence. *Id.* Sands timely appealed.

In Sands's initial appeal, we concluded that the district court "erred in its interpretation and application of § 2K2.1(b)(4)(B) in two ways." *Id.* at 718. "First, it emphasized that the

serial number had been defaced 'clearly . . . for the purpose of trying to mask the identity of this weapon.'" *Id.* (citation omitted). "Second, the district court erroneously applied the enhancement after finding that the serial number remained visible to the naked eye." *Id.* at 718–19. Because of those errors, "we vacate[d] Sands's sentence and remand[ed] for resentencing." *Id.* at 719. We instructed the district court that it had the option to "reexamine the serial numbers on the firearm in question or rely on its prior factual findings." *Id.* Moreover, we directed the district court to use the framework from *United States v. Carter*, 421 F.3d 909 (9th Cir. 2005), and the "naked eye test" to determine the sentence enhancement's applicability to Sands.

Before the resentencing hearing, the government and defendant each filed a sentencing memorandum. In Sands's sentencing memorandum, he opposed the application of § 2K2.1(b)(4)(B)'s sentence enhancement. At the resentencing hearing, the district court examined the firearm itself, whereas at the sentencing hearing, it had only examined photos of the weapon. The district court made factual findings that the serial number was not readable in two of the three places it appeared on the weapon. Based on those findings of fact, the district court concluded that § 2K2.1(b)(4)(B)'s four-level enhancement applied to Sands. The district court considered the 18 U.S.C. § 3553(a) factors and imposed sentence. Defendant timely appealed.

II.

Defendant contends that the district court improperly calculated his Guidelines range by applying U.S.S.G. § 2K2.1(b)(4)(B)'s four-level enhancement, which is a type of procedural reasonableness challenge. *United States v. Davis*, 751 F.3d 769, 773 (6th Cir. 2014) (recognizing that improperly calculating the Guidelines range is one way that a sentence can be procedurally unreasonable). We review the court's Guidelines calculation for an abuse of discretion. *United States v. Mack*, 808 F.3d 1074, 1084 (6th Cir. 2015). Additionally, because Sands is the party challenging the procedural reasonableness of the sentence, he has the burden to demonstrate that the district court abused its discretion when it imposed the sentence. *See United States v. Houston*, 529 F.3d 743, 756 (6th Cir. 2008).

Because defendant contests the district court's application of a sentence enhancement, "we review the district court's factual findings for clear error and its legal conclusions de novo." *United States v. Bailey*, 973 F.3d 548, 571 (6th Cir. 2020) (emphasis omitted). A factual finding is clearly erroneous when we—after considering all of the evidence—are "left with the definite and firm conviction that a mistake has been committed" by the district court. *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). Importantly, "[t]he question is not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one which [we] would draw." *Id.* Instead, "the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one." *Id.*

### III.

### A.

Section 2K2.1(b)(4)(B)'s enhancement increases a defendant's offense level by four if he possessed a firearm that "had an altered or obliterated serial number." For the purposes of this enhancement, "a firearm's serial number is 'altered or obliterated' when it is materially changed in a way that makes accurate information less accessible." *Sands I*, 948 F.3d at 715 (quoting *United States v. Carter*, 421 F.3d 909, 910 (9th Cir. 2005)). "If a serial number is scratched, but still discernible to the reader without aid, then the number itself has not been" altered. *Id.* Put differently, "a serial number that is defaced but remains visible to the naked eye is not 'altered or obliterated' under" § 2K2.1(b)(4)(B). *Id.* at 719. Additionally, "examining the firearm itself is likely the best practice" when a district court determines whether a firearm's serial number has been altered or obliterated. *Id.* at 719 n.2. Notably, if a firearm's serial number appears in more than one place, "only one of them needs to be altered or obliterated for the enhancement to apply." *Id.* at 713. Finally, § 2K2.1(b)(4)(B) is a strict liability enhancement, which means that "the 'intent' behind the scratches on the firearm should play no role in the analysis." *Id.* at 718.

### B.

Nothing about the district court's factual finding (or its process for making it) leaves us with the definite and firm conviction that the district court made a mistake. *Hilltop Realty*,

774 F.2d at 140. In *Sands I*, we gave the district court the choice to "reexamine the serial numbers on the firearm in question or rely on its prior factual findings." 948 F.3d at 719. At the resentencing hearing, the district court opted for the former option and examined the firearm itself, which is the approach we recommended as the best practice. *See id.* at 719 n.2. The government, through its attorney, explained that the firearm's serial number appeared in three places: the receiver, the slide, and the block of the barrel. After examining the firearm, the district court found the following facts:

> I cannot read this serial number in the two places that I've referred to. It's clearly not readable on the receiver. And also in the other place that the Court asked [the government's attorney] to identify for me[,] [the slide], I cannot read the, moving left to right, I can't read the third digit or the fifth digit of the serial number.

The district court did precisely what we directed in *Sands I*. It examined the firearm itself with the naked eye, applied the applicable framework we had clarified in *Sands I*, and made a factual determination that the serial number was not readable in two of the three places it appeared on the firearm. We see no clear error with the district court's factual finding that the firearm bore a serial number that was altered.

Defendant, nevertheless, contends that the district court clearly erred for two reasons. We find neither one persuasive. First, defendant argues that the "factual finding at the resentencing hearing that the serial numbers were not readable directly conflicted with its previous finding at the initial sentencing that they were [readable]." This argument fails before it begins because we authorized the district court to "reexamine the serial numbers on the firearm in question" and make new factual findings, "*or* rely on its prior factual findings." *See Sands I*, 948 F.3d at 719 (emphasis added). Moreover, contrary to defendant's assertion, the two sets of factual findings are reconcilable. At the initial sentencing hearing, the district court examined photos that depicted magnified versions of the firearm and applied an incorrect legal framework; at the resentencing hearing, however, the district court examined the firearm itself and applied the correct legal framework.

Second, Sands contends that because agents with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") could read the serial numbers, it was clear error for the district court to conclude that the serial numbers were altered or obliterated. Defendant concedes that

the ATF documents are not in the record, but he requests that we take judicial notice of them. Even if the documents were in the record, however, they would not allow defendant to surmount the clear-error hurdle. One document lists the firearm's serial number with no commentary. The other document, a Report of Investigation, listed the serial number, but added that "in all three locations the serial number was defaced." Additionally, it states that "[a]ccoring to Sands, the serial number was obliterated when he found it" and "Sands stated that he knew it was illegal to have a firearm with an obliterated serial number." At best, the ATF documents could support the idea that an alternative factual finding about the serial number was possible. *See id.* (recognizing that not all defacements constitute alterations or obliterations). But the existence of a possible alternative factual finding is not enough to establish that the district court clearly erred. *See Hilltop Realty*, 774 F.2d at 140. Accordingly, defendant's ATF-documents argument also fails.

* * *

Defendant's procedural reasonableness attack on his sentence hinged on demonstrating that the district court clearly erred when it concluded that the firearm's serial number was altered. Sands failed to make that showing; therefore, we conclude that his procedural reasonableness challenge fails.

IV.

For these reasons, we affirm the district court's judgment.