NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0396n.06

No. 23-1974

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Sep 26, 2024

KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| CORDERO EUGENE BARNES, | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | OPINION |
| | ) | |

Before: COLE, MATHIS, and BLOOMEKATZ, Circuit Judges.

BLOOMEKATZ, Circuit Judge. Cordero Eugene Barnes pleaded guilty to illegally possessing a firearm as a felon. At sentencing, the district court applied a two-level enhancement for firearm offenses that involve between three and seven firearms. *See* U.S.S.G. § 2K2.1(b)(1)(A). As part of his plea deal, Barnes stipulated to possessing two firearms, but based on evidence at sentencing, the district court found that Barnes possessed a third. On appeal, Barnes challenges that finding. Because the district court did not clearly err in concluding Barnes possessed three firearms, we affirm.

**BACKGROUND**

In September 2022, police received a tip that Barnes—a felon—was selling crack cocaine and marijuana from his apartment and vehicle. The tipster reported that Barnes possessed at least

one loaded firearm that was tan or desert colored, stored ammunition in his bedroom, and was involved in a prior shooting at the apartment where he lived.[1]

With this information, law enforcement officials obtained a search warrant for Barnes's social media accounts. The search revealed conversations between Barnes and his girlfriend about a firearm, including a picture of Barnes holding a firearm. Barnes's Facebook account included discussions with other people about firearms, too. The police also obtained a warrant to search Barnes's residence and found drugs, drug paraphernalia, an empty Taurus firearm box with two empty magazines, a box of ammunition, and a 20-gauge shotgun shell in Barnes's coat pocket.

Barnes was indicted for being a felon in possession of a firearm and ammunition. *See* 18 U.S.C. § 922(g)(1). He pleaded guilty to knowingly possessing a pistol between March 2 and April 11, 2022. As part of the plea deal, Barnes admitted to possessing two firearms.

The district court sentenced Barnes to 41 months' imprisonment, the highest sentence within the Guidelines range.[2] In calculating that range, the district court included a two-level enhancement under U.S.S.G. § 2K2.1(b)(1)(A), which applies when a firearm offense involves three to seven firearms. While Barnes admitted to possessing two firearms—a Fabrique Nationale pistol and a Taurus pistol—the presentence report stated that he possessed a third: a Smith & Wesson revolver. In the Facebook conversations referenced above, Barnes sent photographs of all three firearms. And in one conversation on April 11, 2022, he explicitly referenced the Smith & Wesson revolver. The person Barnes was corresponding with said, "I need some hungry soldiers

---

[1] While Barnes disputes the accuracy of the information, he does not dispute that the police received this tip.

[2] Barnes was on supervised release when he committed these crimes, and the district court ordered that his 41-month sentence would run consecutively to any eventual penalty for violating the terms of his supervised release.

hungry for money," and then sent a photograph and video of firearms along with another message saying, "Tell em picc they poison." Resp. Guidelines Objs. Ex. 2, R. 26-2, Page ID 182–83. Barnes responded with six photographs of firearms in quick succession. The first was a picture of him and his girlfriend, in which he was holding the Fabrique Nationale pistol. The next two were of the Taurus pistol, which he identified shortly thereafter as "my Taurus 9." *Id.* at Page ID 197. The fourth photograph depicted an unidentified hand holding the Smith & Wesson revolver, accompanied by a message stating, "The governor shoots 45 and 410 shotgun shells." *See id.* at Page ID 192–93. The last two photographs were of AK-47 style firearms.[3] Barnes concluded the conversation by saying, "I only have 1 more mission to complete and I'll be all the way good." *Id.* at Page ID 197.

Barnes objected to the enhancement on three grounds, all related to the sufficiency of the evidence that he possessed the Smith & Wesson revolver depicted in the fourth photograph. First, he argued that the agent for the Bureau of Alcohol, Tobacco, Firearms, and Explosives who examined the photographs did not conclusively determine that the depicted weapon was in fact a firearm. Second, Barnes contended that the hand in the photograph, without more, was not enough to establish that he was the one who possessed the purported firearm. Finally, he maintained that the government did not meet its burden of showing that the photograph was taken between March 2 and April 11, 2022, the time during which he admitted to possessing a firearm in his plea agreement.

The district court rejected these arguments. It emphasized that there were a "string of [messages]" containing photographs of firearms, "two of which apparently [Barnes] agreed to [possessing] before"; and then it expressed skepticism that at the sentencing hearing, "all of the

---

[3] The district court did not consider these firearms in ruling on the enhancement.

sudden because there is an enhancement involved, there is a denial" that he possessed another one of the photographed firearms. Sent'g Tr., R. 33, Page ID 249. The district court ultimately overruled Barnes's objection that he did not possess the Smith & Wesson revolver, describing it as "border[ing] on the frivolous." *Id.* at Page ID 250. It concluded that, "given the totality of the circumstances here, including the nature of the [messages], this third gun is clearly attributed to the defendant." *Id*. Barnes now appeals.

## ANALYSIS

Barnes argues that his sentence is procedurally unreasonable because the district court improperly applied the two-level enhancement under U.S.S.G. § 2K2.1(b)(1)(A) for firearm offenses involving between three and seven firearms. We disagree and affirm.

When a defendant appeals the district court's application of a sentencing enhancement, we review the court's factual findings for clear error and legal questions de novo. *United States v. Sands*, 4 F.4th 417, 420 (6th Cir. 2021). Here, Barnes contests the district court's determination that he possessed the Smith & Wesson revolver. That's a factual finding that we will not disturb unless, after considering all the evidence, we are "left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *Heights Cmty. Cong. v. Hilltop Realty, Inc*., 774 F.2d 135, 140 (6th Cir. 1985)).

For the enhancement to apply, the government must prove by a preponderance of the evidence that Barnes actually or constructively possessed the firearms. *United States v. Lunato*, 763 F. App'x 483, 486 (6th Cir. 2019) (citing *United States v. Jackson*, 877 F.3d 231, 237–38 (6th Cir. 2017)). Constructive possession "occurs when a person knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others." *Jackson*, 877 F.3d at 238 (cleaned up). Although "presence alone near a gun is

insufficient" to prove possession, our precedent indicates that "gesture[s] implying control" can demonstrate constructive possession. *Lunato*, 763 F. App'x at 486–87. Such gestures may include posing with weapons and distributing photographs of oneself with the firearms in question. *Id.* at 487.

Barnes admitted to possessing two firearms, and the district court did not clearly err in concluding he possessed the third. In response to a Facebook message asking Barnes for "some hungry soldiers," accompanied by a photograph and video of firearms and a message to "tell em picc they poison," Barnes sent photographs of firearms in quick succession—including the two he stipulated to possessing and the Smith & Wesson revolver. *See* Resp. Guidelines Objs. Ex. 2, R. 26-2. This implied that Barnes had these weapons at his disposal and could offer them to potential "soldiers." Furthermore, Barnes's knowledge of the Smith & Wesson revolver's details suggested he possessed the firearm. Even the ATF expert could not determine from the photograph whether the revolver was a Smith & Wesson Model Judge or Model Governor. But in the Facebook communications, Barnes explained, "The governor shoots 45 and 410 shotgun shells," *id.* at Page ID 193, showing that he knew the exact model and could explain its capabilities. That knowledge indicates possession. Based on the photograph and accompanying communications, the district court did not clearly err in finding that Barnes had at least constructive possession of the weapon. *Lunato*, 763 F. App'x at 486–87; *see also United States v. Kennedy*, 65 F.4th 314, 318–19 (6th Cir. 2023) (affirming a finding of constructive possession based on text messages and photographs).

Barnes's counterarguments are unpersuasive. He emphasizes that the government did not provide crucial details about the photograph's origin, location, and timing, and thus did not satisfy its burden of proving possession by a preponderance of the evidence. But none of his arguments undermine the district court's factfinding.

*First*, the enhancement does not depend on whether Barnes himself took the photograph, and, contrary to Barnes's assertion, the district court did not attribute the firearm to him based on the "mere fact that [the photograph] was found on Mr. Barnes' phone." Appellant Br. 14. Instead, the critical "gesture implying control" was Barnes's sending the photograph and accompanying messages to someone asking for "hungry soldiers," which communicated that these were firearms Barnes could contribute in response to the request. *See Lunato*, 763 F. App'x at 487; *see also Kennedy*, 65 F.4th at 318–19. Barnes also sent the photographs during the timeframe covered by his plea bargain. Given the context—that Barnes was offering the use of these firearms when he sent the photographs—the district court did not clearly err in concluding Barnes could exercise that control contemporaneously, even if the photographs were not time-stamped and may have been taken earlier. And Barnes sent the photograph of the Smith & Wesson revolver along with photographs of the two other firearms he admitted to possessing during the relevant timeframe. Because Barnes sent all the photographs together in response to the same request, it was reasonable for the district court to find that Barnes had control over the third firearm at that time, too.

*Second*, Barnes stresses that in some like cases we have pointed to time stamps, identifying backgrounds, or the defendant in photographs as evidence of possession. *See Lunato*, 763 F. App'x at 484, 487. But that does not mean that those features are required. The possession inquiry does not necessarily rest on the photograph alone. What matters is whether the photograph, in context, supports a finding by a preponderance of the evidence that Barnes actually or constructively possessed the firearm. *See United States v. Fisher*, 824 F. App'x 347, 359 (6th Cir. 2020). While features like time stamps or identifying backgrounds can be probative, they are not always indispensable. Here, the content of the conversation provides sufficient evidence of possession to uphold the district court's factfinding.

*Finally*, Barnes argues that the comment about the Smith & Wesson revolver was "qualitatively different" from the comments about the other two firearms because it only provided information about the weapon, rather than claiming ownership. Appellant Br. 11–12. The photograph of the Fabrique Nationale pistol had Barnes's face in it, and he identified the Taurus pistol as "my Taurus 9." *See* Resp. Guidelines Objs. Ex. 2, R. 26-2, Page ID 186, 197. By contrast, the photograph of the Smith & Wesson revolver showed only an unidentified hand accompanied by a message stating, "The governor shoots 45 and 410 shotgun shells." *Id.* at Page ID 192–93. This comparison shows that Barnes's possession of the two pistols is arguably more apparent, but it does not mean the evidence of possession is insufficient for the Smith & Wesson revolver. Barnes identified information about the revolver that even the ATF could not deduce from the photograph, suggesting the type of familiarity someone with possession over the firearm would have. And the communications surrounding his description of the revolver implied that he could offer the revolver and the other firearms he admitted to possessing to potential "soldiers."

The district court did not clearly err in concluding that Barnes possessed this third firearm.

## CONCLUSION

We affirm the district court's sentence.